## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

AIMEE LONG                                          CIVIL ACTION

VERSUS                                                  No. 14-403

AETNA LIFE INSURANCE COMPANY                    SECTION I

### ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Aetna Life Insurance Company ("Aetna"), to dismiss plaintiff's amended complaint[2] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition,[3] to which Aetna filed a reply.[4] For the following reasons, the motion is **GRANTED**.

### BACKGROUND

According to the amended complaint, "Plaintiff was employed by St. Charles Health Center, Inc. [SCHC] as a Patient Care Coordinator. [SCHC] maintained health insurance policies that provided both Short Term and Long Term Disability benefits available to its employees underwritten by defendant, Aetna."[5] Plaintiff worked for SCHC through June 22, 2011, the onset date of her disability,[6] and on June 24, 2011, plaintiff filed a claim for short term disability benefits, which Aetna approved.[7] Payments began on July 7, 2011.[8]

---

[1] R. Doc. No. 42.
[2] R. Doc. No. 39.
[3] R. Doc. No. 46. Aetna asserts in its reply that plaintiff's opposition exceeds the page limit imposed by Local Rule 7.7. R. Doc. No. 49, at 1. Although plaintiff did not seek or obtain leave to exceed this limit, the Court exercises its discretion to allow plaintiff's opposition in its entirety.
[4] R. Doc. No. 49.
[5] R. Doc. No. 39, ¶ 9.
[6] R. Doc. No. 39, ¶¶ 12-13.
[7] R. Doc. No. 39, ¶ 11.

On September 20, 2011, plaintiff applied for Social Security Disability Income ("SSDI") and Family Social Security Disability Income ("FSSDI") individually and on behalf of her minor child.[9] On September 21, 2011, the 90-day "elimination period"[10] ended, and plaintiff's short term disability benefits expired.[11] Plaintiff then applied to Aetna for long term disability ("LTD") benefits.[12]

On December 23, 2011, Aetna stated in a letter that, effective September 21, 2011, plaintiff became eligible to receive LTD benefits.[13] In the same letter, Aetna "reminded [plaintiff] of the offset for SSDI benefits, including SSDI benefits payable to dependents."[14] The letter stated: "Under your policy, you will need to supply us with proof of your request for [SSDI] benefits. [SSDI] benefits act as an offset or reduction to your LTD benefits. Failure to do so many have an adverse effect on your benefits."[15]

Aetna's letter also outlined plaintiff's responsibility to "immediately repay the overpaid amount" to Aetna in the event that she "receive[s] retroactive payments for [SSDI benefits] covering periods of time for which [Aetna] previously paid [plaintiff] LTD benefits."[16] On July 26, 2012, the Social Security Administration issued its decision, finding plaintiff to be disabled beginning on June 22, 2011.[17]

---

[8] R. Doc. No. 39, ¶ 11.
[9] R. Doc. No. 39, ¶ 12.
[10] The policy required plaintiff to be disabled for 90 days—the "elimination period"—before LTD benefits began. *See* R. Doc. No. 42-2, at 32, 40. During the 90-day elimination period, plaintiff received short term disability benefits. *See, e.g.*, R. Doc. No. 42-1, at 2-3.
[11] R. Doc. No. 39, ¶ 12.
[12] R. Doc. No. 39, ¶ 14.
[13] R. Doc. No. 39, ¶ 15.
[14] R. Doc. No. 42-1, at 3.
[15] R. Doc. No. 1-1, at 15.
[16] R. Doc. No. 1-1, at 16.
[17] R. Doc. No. 39, ¶ 13.

In a letter dated May 20, 2013, Aetna informed plaintiff that her LTD benefits were subject to an offset.[18] According to the letter, Aetna had requested a copy of plaintiff's SSDI award letter on several occasions but had not received it.[19] Aetna further advised plaintiff that, pursuant to the LTD plan requirements, Aetna had the right to estimate the amount and date of the SSDI award.[20] Aetna estimated an overpayment of $3,517.92 from December 1, 2011, to March 31, 2013, and asked plaintiff to repay the amount by June 4, 2013.[21] Plaintiff apparently never repaid Aetna because her "LTD benefits were thereafter terminated as to both Ms. Long as well as a credit for benefits received by her minor son."[22] Aetna filed a counterclaim seeking $5,354.52 that had allegedly been overpaid.[23]

On January 16, 2014, plaintiff filed a petition against Aetna in state court,[24] and Aetna removed the case to this Court on February 21, 2014.[25] The parties agreed that plaintiff's state law claims were preempted by ERISA, and the Court allowed plaintiff to file an amended complaint.[26] Aetna now asserts that this Court should dismiss plaintiff's claims with prejudice pursuant to Rule 12(b)(6)[27] for three reasons: "(1) Plaintiff has failed to exhaust administrative

---

[18] R. Doc. No. 1-1, at 18-19; R. Doc. No. 42-1, at 6; *see also* R. Doc. No. 39, ¶ 16.

[19] R. Doc. No. 1-1, at 18.

[20] R. Doc. No. 1-1, at 18; *see also* R. Doc. No. 42-2, at 44.

[21] R. Doc. No. 1-1, at 18.

[22] R. Doc. No. 39, ¶ 16.

[23] R. Doc. No. 45, ¶ 12.

[24] R. Doc. No. 1-1, at 2-5; *see also* R. Doc. No. 42-1, at 2.

[25] R. Doc. No. 1; *see also* R. Doc. No. 42-1, at 1.

[26] R. Doc. No. 38. Aetna also filed a motion to dismiss with respect to the original complaint, R. Doc. No. 13, which the Court dismissed without prejudice to Aetna's right to refile the motion with respect to plaintiff's amended complaint, R. Doc. No. 38, at 1.

[27] Aetna's motion does not explicitly state the rule pursuant to which Aetna seeks dismissal of plaintiff's claims, but the standard of law within the memorandum in support makes clear that Aetna is moving pursuant to Rule 12(b)(6). *See* R. Doc. No. 42-1, at 4-5. "The Fifth Circuit has held that exhaustion of administrative remedies [in ERISA cases] is not a prerequisite to Federal court jurisdiction." *Shadow v. Continental Airlines, Inc.*, No. 06-619, 2006 WL 3691037, at *9 (W.D. Tex. Dec. 11, 2006) (citing *Hager v. NationsBank, N.A.*, 167 F.3d 245, 248 n.3 (5th Cir.

remedies as required by ERISA and the Policy deadline to do so has passed; (2) Plaintiff has

failed to state a plausible claim under the terms of the Policy and controlling law; and (3)

Plaintiff's claims for equitable relief under 29 U.S.C. § 1132(a)(3) are duplicative of her claim

for benefits under 29 U.S.C. § 1132(a)(1)(B)."[28]

## STANDARD OF LAW

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon

which relief can be granted if the plaintiff has not set forth a factual allegation in support of his

claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

*Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth

Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative
> level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court
> recently expounded upon the *Twombly* standard, explaining that "[t]o survive a
> motion to dismiss, a complaint must contain sufficient factual matter, accepted as
> true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
> U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial
> plausibility when the plaintiff pleads factual content that allows the court to draw
> the reasonable inference that the defendant is liable for the misconduct alleged."
> *Id.* It follows that "where the well-pleaded facts do not permit the court to infer
> more than the mere possibility of misconduct, the complaint has alleged—but it
> has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.
> R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine

whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999);

1999)). Accordingly, Aetna's motion is correctly decided pursuant to Rule 12(b)(6), and
"dismissal of this case pursuant to [Rule 12(b)(1)] for failure to exhaust would be inappropriate."
*Id.*; *cf. Watson v. Clear Channel Broadcasting, Inc.*, No. 13-5503, 2014 WL 258999, at * (E.D.
La. Jan. 22, 2014) (Africk, J.) (noting that, with respect to Title VII cases, exhaustion of
administrative remedies is a jurisdictional requirement) (citing *Atkins v. Kempthorne*, 353 F.
App'x 934, 936 (5th Cir. 2009)).
[28] R. Doc. No. 42-1, at 2.

*Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## DISCUSSION

The Court first considers whether plaintiff's amended complaint should be dismissed for failure to exhaust administrative remedies. Because the Court finds that plaintiff has not exhausted her administrative remedies, the Court need not address Aetna's other arguments.

### A.    Exhaustion Pursuant to the Policy

"A claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits." *Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256 (5th Cir. 2005); *see also Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1018 (5th Cir. 2009); *Bourgeois v. Pension Plan for the Emps. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000)). "The policies underlying the exhaustion requirement are to: (1) uphold Congress' desire that ERISA trustees be responsible for their actions, not the federal courts; (2) provide a sufficiently clear record of administrative action if litigation should ensue; and (3) assure that any judicial review of fiduciary action (or inaction) is made under the arbitrary and capricious standard, not *de novo*." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1279 (5th Cir. 1990) (internal quotation marks omitted) (quoting *Denton v. First Nat'l Bank of Waco, Tex.*, 765 F.2d 1295, 1300 (5th Cir. 1985)).

"This requirement is not one specifically required by ERISA, but has been uniformly imposed by the courts in keeping with Congress' intent in enacting ERISA." *Hall v. Nat'l Gypsum Co.*, 105 F.3d 225, 231 (5th Cir. 1997); *see also Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993) ("[W]e have fully endorsed the prerequisite of exhaustion of administrative remedies in the ERISA context.") (citations omitted). Dismissal of a complaint is appropriate when the proper procedure has not been followed for filing a claim and administrative remedies have not been exhausted. *Medina*, 983 F.2d at 33; *see also Marcella v. Ochsner Health Sys.*, No. 10-2323, 2010 WL 4553520, at *2 (E.D. La. Oct. 28, 2010) (Africk, J.).

Aetna argues that plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) because "Plaintiff has failed to exhaust administrative remedies as required by ERISA and the Policy deadline to do so has passed."[29] Aetna refers to the insurance policy[30] and notes that "it is reviewable in the context of a Rule 12 motion because it was referenced in Plaintiff's initial Complaint . . . and is integral to Plaintiff's claim."[31] *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("We note approvingly, however, that various other circuits have specifically allowed that '[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central

---

[29] R. Doc. No. 42-1, at 2.
[30] R. Doc. No. 42-2.
[31] R. Doc. No. 42-1, at 2 n.1 (citing R. Doc. No. 1-1, at 2, ¶ 2; *Collins*, 224 F.3d at 498-99). The Court notes that the "Summary Plan Description," R. Doc. No. 46-3, is also properly considered because it is referred to in the amended complaint and is central to plaintiff's claims, *see, e.g.*, R. Doc. No. 39, ¶ 18. The "Enforce Your Rights" section of this document, on which plaintiff relies in her opposition, R. Doc. No. 46, at 14, is comprised of language that is taken directly from 29 C.F.R. § 2520.102-3(t)(2). *Cf.* R. Doc. No. 46-3, at 7. This statement is a "model statement," which "must appear as one consolidated statement," and complies with the regulation's requirement that the Summary Plan Description include "[t]he statement of ERISA rights described in section 104(c) of the Act." 29 C.F.R. § 2520.102-3(t)(1).

to her claim.'") (alteration in original) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The final page of the policy describes the plan's administrative process of "Filing of an Appeal of an Adverse Benefit Determination for a Disability Claim":

> *You will have 180 days following receipt of an adverse benefit decision to appeal the decision.* You will ordinarily be notified of the decision not later than 45 days after the appeal is received. . . .
> You may submit written comments, documents, records, and other information relating to your claim, whether or not the comments, documents, records, or information were submitted in connection with the initial claim. You may also request that the Plan provide you, free of charge, copies of all documents, records, and other information relevant to the claim.[32]

According to Aetna, "Plaintiff was required to submit an appeal by November 16, 2013, which she can no longer do."[33]

As plaintiff concedes,[34] "exhaustion of administrative remedies is a prerequisite to an ERISA action in federal court." *Swanson*, 586 F.3d at 1018 (citing *Bourgeois*, 215 F.3d at 479). The adverse benefit decision at issue (that is, the imposition of the offset) was communicated to plaintiff in a letter dated May 20, 2013,[35] and the amended complaint does not contain any suggestion that plaintiff pursued any administrative remedies.[36] As discussed below, plaintiff inexcusably failed to exhaust her administrative remedies.[37]

---

[32] R. Doc. No. 42-2, at 57 (emphasis added).

[33] R. Doc. No. 42-1, at 6.

[34] *See* R. Doc. No. 46, at 8 ("Generally, a plan participant or beneficiary must exhaust all administrative remedies available under an ERISA Plan before challenging in court a decision to deny benefits.").

[35] R. Doc. No. 39, ¶ 16. The term "adverse benefit determination" is defined as "a denial, *reduction*, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit." 29 C.F.R. § 2560.503-1(m)(4) (emphasis added); *see also id.* § 2590.715-2719(a)(2)(i).

[36] *See, e.g.*, R. Doc. No. 39, ¶ 18.

[37] Aetna's motion assumes and does not question whether the May 20, 2013 letter satisfied ERISA's notice requirements. An appeal period will not be triggered unless plaintiff receives "an initial denial notice that is in *substantial* compliance with the statute and the regulation." *Lacy*,

Plaintiff asserts that any failure to exhaust her administrative remedies should be excused because she "reasonably believed that a material term allowed her to file suit without exhausting administrative remedies."[38] Plaintiff insists that "ERISA does not bar a claimant from pursuing a claim in court when the claimant's failure to exhaust her administrative remedies is the result of language in the "Summary Plan Description" that the claimant reasonably interpreted as meaning that she could go straight to court with her claim."[39]

According to plaintiff, she "reasonably interpreted the relevant statements in the Plan as permitting her to file a lawsuit without exhausting administrative remedies."[40] In support of this assertion, plaintiff contends that "no language [in the Plan] exists to direct claimants as to the proper procedural route when an *offset* is claimed."[41] Plaintiff further argues that the plan's language "is voluntary in nature" and "fails to put claimants on notice of any mandatory requirement to exhaust administrative remedies."[42]

Insofar as plaintiff characterizes the plan language as "voluntary in nature,"[43] plaintiff is not excused: "it is clear from *Denton* that, prior to bringing suit in federal court, a plaintiff must exhaust the administrative remedy available under an ERISA plan, even if that remedy is phrased in permissive terms." *Clancy v. Emp'rs Health Ins. Co.*, 82 F. Supp. 2d 589, 599 (E.D. La. 1999)

---

405 F.3d at 256-57. Although plaintiff does not emphasize the point, she notes in passing that Aetna "did not put [her] on notice of its review procedures in the letter to her wherein it claimed an offset." R. Doc. No. 46, at 14, n.6; *cf.* 29 C.F.R. § 2560.503-1(g)(1)(iv) (stating that a notification of an adverse benefit decision must include "[a] description of the plan's review procedures and the time limits applicable to such procedures"). The Court makes no finding as to whether the May 20, 2013 letter constituted adequate notice of an adverse benefit decision, because plaintiff failed to pursue administrative remedies before initiating litigation.

[38] R. Doc. No. 39, ¶ 41; *see also* R. Doc. No. 46, at 13, 18, 23, 25.

[39] R. Doc. No. 46, at 11.

[40] R. Doc. No. 46, at 14-15 (citing *Watts v. BellSouth Telecomms., Inc.*, 316 F.3d 1203, 1207 (11th Cir. 2003); *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 810 (7th Cir. 2000)).

[41] R. Doc. No. 46, at 15.

[42] R. Doc. No. 46, at 15.

[43] R. Doc. No. 46, at 15.

(Clement, J.) (citing *Denton*, 765 F.2d 1295), *aff'd*, 248 F.3d 1142 (5th Cir. 2001);[44] *see also*

*Hingle v. Bd. of Adm'rs of the Tulane Educ. Fund*, No. 95-134, 1996 WL 304321, at *2 (E.D. La.

June 6, 1996) (Vance, J.) (citing *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 454 (6th Cir. 1991),

for the proposition that "use of permissive language in framing the right to review does not

excuse exhaustion requirement"). Accordingly, plaintiff's failure to pursue administrative

remedies cannot be excused by her erroneous interpretation of the policy documents.

To the extent that plaintiff asserts that "Aetna failed to put [her] on notice of any

exhaustion requirement prior to filing suit,"[45] the Fifth Circuit has already foreclosed this

argument, and ignorance of administrative procedures does not excuse the failure to comply with

them. *See Bourgeois*, 215 F.3d at 480 ("[P]laintiffs seeking ERISA plan benefits are bound by

the plan's administrative procedures and must use them before filing suit even if they have no

notice of what those procedures are.") (citing *Meza*, 908 F.2d at 1279).[46] Accordingly, the Court

finds that plaintiff did not exhaust her administrative remedies in accordance with the terms of

the policy.[47]

---

[44] "The district court correctly dismissed Ms. Clancy's suit because of her failure to exhaust administrative remedies." *Clancy v. Emp'rs Health Ins. Co.*, No. 00-30853, 2001 WL 184815 (5th Cir. Feb. 1, 2001) (per curiam).

[45] R. Doc. No. 46, at 13.

[46] "ERISA's disclosure provisions clearly indicate Congress's concern that individual employees be informed of the administrative procedures involved in obtaining pension benefits. It does not follow, however, that Congress intended to excuse individual claimants from exhausting their administrative remedies in those cases where they were never informed of the applicable administrative procedures." *Meza*, 908 F.2d at 1279.

[47] Accompanying plaintiff's opposition is a demand letter dated December 9, 2013, from plaintiff's counsel to Aetna, in response to Aetna's May 20, 2013 letter. R. Doc. No. 46-7. Plaintiff also provided an affidavit. R. Doc. No. 46-6. Aetna asserts that both the affidavit and letter "should be stricken because they are not referenced in Plaintiff's Amended Complaint and are not central to her claim." R. Doc. No. 49, at 1 (citing *Broyles v. Cantor Fitzgerald & Co.*, No. 10-854, 2014 WL 2769069, at *2 (M.D. La. June 18, 2014) (Brady, J.)).

The Court agrees. Unlike the policy, the letter and affidavit are not properly considered in conjunction with a Rule 12(b)(6) motion because they are not mentioned in the amended

This Court further notes that "although benefits claims require administrative exhaustion, fiduciary claims do *not*." *Galvan v. SBC Pension Benefit Plan*, 204 F. App'x 335, 339 (5th Cir. 2006) (citing cases). The Fifth Circuit recognizes, however, that "the exhaustion requirement applies to fiduciary claims that are instead *disguised benefits claims*, [but] not to true breach-of-fiduciary-duty claims." *Id.* (citing *Simmons v. Willcox*, 911 F.2d 1077, 1081 (5th Cir. 1990)). "[T]he exhaustion requirement would be rendered meaningless if plaintiffs could avoid it simply by recharacterizing their claims for benefits as claims for breach of fiduciary duty." *Simmons*, 911 F.2d at 1081. This is exactly what plaintiff has done.[48]

"Fiduciary claims amount to benefits claims when 'resolution of the claims rests upon an interpretation and application of an ERISA-regulated plan rather than on an interpretation and application of ERISA.'" *Galvan*, 204 F. App'x at 339 (quoting *D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002)). Counts 2 and 3 of the amended complaint, representing fiduciary and equitable claims filed pursuant to 29 U.S.C. § 1132(a)(3),[49] relate to the exact same conduct that forms the basis for plaintiff's § 1132(a)(1)(B) claim.[50] Deciding these claims would clearly "rest[] upon an interpretation and application of an ERISA-regulated plan rather than on an

---

complaint and cannot be considered "central" to her claims. *See Collins*, 224 F.3d at 498-99; *see also* Fed. R. Civ. P. 12(d).

[48] *See* R. Doc. No. 42-1, at 17-19.

[49] 29 U.S.C. § 1132(a) states: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . ."

[50] R. Doc. No. 39, ¶ 37 ("Defendant Aetna breached its fiduciary duties through the conduct described above, including the duty to make full and complete disclosure, and Plaintiff will suffer actual harm in the absence of relief, as Aetna has unilaterally imposed an offset of Plaintiff's monthly benefits."); R. Doc. No. 39, ¶ 41 ("Due to actions of Defendant, Plaintiff reasonably believed that a material term of the Plan and SPD would allow Plaintiff to continue receiving monthly disability benefits without being subject to an offset of those benefits. Further, Plaintiff reasonably believed that a material term allowed her to file suit without exhausting administrative remedies.").

interpretation and application of ERISA."[51] *D'Amico*, 297 F.3d at 291; *see also Galvan*, 204 F. App'x at 339. Accordingly, despite plaintiff's assertions to the contrary,[52] all claims of the amended complaint are subject to the exhaustion requirement.

### B.    Exceptions to the Exhaustion Requirement

"The exceptions to the exhaustion requirement [in ERISA cases] are limited: a claimant may be excused from the exhaustion requirement if he shows either that pursuing an administrative remedy would be futile or that he has been denied meaningful access to administrative remedies." *McGowan v. New Orleans Emp'rs Int'l Longshoremen's Assoc.*, No. 12-990, 2012 WL 4885092, at *7 (E.D. La. Oct. 15, 2012) (Feldman, J.) (citing *Denton*, 765 F.2d at 1302; *Meza*, 908 F.2d at 1279); *see also, e.g.*, *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (analyzing the exceptions). "These exceptions apply, however, only in extraordinary circumstances." *Cent. States Se. & Sw. Areas Pension Fund v. T.I.M.E.- DC, Inc.*, 826 F.2d 320, 329 (5th Cir. 1987). Although plaintiff mentions these exceptions in passing,[53] she has failed to allege or otherwise show anything that would support either exception.

First, "[a] failure to show hostility or bias on the part of the administrative review committee is fatal to a claim of futility." *McGowin*, 363 F.3d at 559 (citing *Bourgeois*, 215 F.3d at 479-80). As discussed above, plaintiff's arguments relate to her differing interpretation of the plan's exhaustion requirements and Aetna's alleged failure to properly inform her of administrative procedures.[54] "[T]here is no indication in [the amended complaint or plaintiff's motion] that [Aetna] would not have properly considered [plaintiff]'s arguments and evidence if

---

[51] *See* R. Doc. No. 46, at 22-30.
[52] R. Doc. No. 46, at 32.
[53] R. Doc. No. 46, at 11.
[54] *See, e.g.*, R. Doc. No. 46, at 13.

she had submitted them . . . ." *Swanson*, 586 F.3d at 1018 n.1. Accordingly, plaintiff cannot avail herself of the futility exception.

Second, the exception for denial of meaningful access to administrative remedies relates to a refusal to provide plan documents or other material necessary to pursue an appeal. *See, e.g.*, *McGowin*, 363 F.3d at 560 ("There is no indication that [the plaintiff] requested the plan documents or was told specifically that she could not obtain them."); *Meza*, 908 F.2d at 1279 (citing *Curry v. Contract Fabricators Inc. Profit Sharing Plan*, 891 F.2d 842, 846 (11th Cir. 1990)); *N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 304-05 (S.D. Tex. 2011) (refusing to dismiss for a failure to exhaust administrative remedies where "Plaintiff . . . repeatedly requested plan documents from Defendant . . . and Defendant wholly failed to respond in any manner whatsoever") (alterations in original) (internal quotation marks omitted). Plaintiff has not alleged that she requested and was refused the information that was necessary to pursue her administrative remedies.[55] Accordingly, she has not alleged facts or otherwise shown that this second exception excuses her failure to exhaust. *See Meza*, 908 F.2d at 1279-80.

---

[55] Conversely, according to Aetna's letter of May 20, 2013, Aetna had requested a copy of plaintiff's SSDI award letter on several occasions but had not received it. R. Doc. No. 1-1, at 18.

**CONCLUSION**

Plaintiff's claims must be dismissed because she failed to exhaust her administrative remedies prior to her lawsuit. Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss is **GRANTED** and that all of plaintiff's claims in the above-captioned matter are **DIMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, August 18, 2014.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**