UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AIMEE LONG                                                              CIVIL ACTION

VERSUS                                                                      No. 14-403

AETNA LIFE INSURANCE COMPANY                                     SECTION I

ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Aetna Life Insurance Company ("Aetna"), for attorneys' fees and costs. Plaintiff filed an opposition,[2] to which Aetna filed a reply.[3] For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

The Court assumes familiarity with the factual and procedural background of this case.[4]

ERISA provides that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). "[A] fees claimant must show 'some degree of success on the merits' before a court may award attorney's fees under § 1132(g)(1)." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (citation omitted) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). Plaintiff does not dispute that Aetna was successful on the merits when the Court granted Aetna's Rule 12(b)(6) motion.[5]

---

[1] R. Doc. No. 52.
[2] R. Doc. No. 54. Aetna asserts that plaintiff's opposition should "be disregarded because it was not timely filed," having been submitted three days after the deadline contained in Local Rule 7.5. R. Doc. No. 57, at 2. The Court exercises its discretion to allow the untimely filing.
[3] R. Doc. No. 57.
[4] R. Doc. No. 50, at 1-4; *Long v. Aetna Life Ins. Co.*, No. 14-403, 2014 WL 4072026, at *1-2 (E.D. La. Aug. 18, 2014) (Africk, J.).
[5] *See* R. Doc. No. 50; *Long*, 2014 WL 4072026.

In *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir. 1980), the Fifth Circuit set forth five factors for a district court to consider in determining whether to award attorneys' fees pursuant to § 1132(g)(1):

> In deciding whether to award attorneys' fees to a party under [§ 1132(g)(1)], a court should consider such factors as the following: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.* at 1266 (citing *Eaves v. Penn*, 587 F.2d 453, 465 (10th Cir. 1978)). The Court may, but need not, consider these factors. *Hardt*, 560 U.S. at 249 n.1, 254-55.

Aetna asserts that it is entitled to $32,615 in attorneys' fees and $600 in costs.[6] Focusing on the five *Bowen* factors, Aetna argues: (1) that "[b]ringing a baseless claim is evidence of a party's culpability or bad faith" and "[p]laintiff has needlessly and frivolously wasted the Court's and Defendant's time with her meritless claim;"[7] (2) that "[p]laintiff receives a steady income and would be able to pay Aetna's attorney fees, at least incrementally;"[8] (3) that failure to award attorneys' fees would encourage others "to ignore the ERISA exhaustion requirement and bring baseless claims since there would be no fear of repercussion;"[9] (4) that Aetna's defense of plaintiff's claims "protect[ed] the benefits of all of the Plan's participants and beneficiaries;"[10] and (5) that "[p]laintiff's position was without factual or legal merit."[11]

---

[6] R. Doc. No. 52-1, at 2.
[7] R. Doc. No. 52-1, at 5.
[8] R. Doc. No. 52-1, at 6.
[9] R. Doc. No. 52-1, at 7.
[10] R. Doc. No. 52-1, at 7.
[11] R. Doc. No. 52-1, at 7.

Plaintiff contends that she initiated this litigation because she was "unaware of any mandatory exhaustion requirement per the plan's language."[12] Regarding the *Bowen* factors, plaintiff argues: (1) that "[t]here is no evidence that [she] acted in bad faith,"[13] her "claim was not frivolous or pursued in an attempt to deceive Aetna,"[14] and she "reasonably believed she could seek relief by pursuing her claim in court without exhausting administrative remedies"[15] because she "lacked understanding of the pertinent provisions and the language failed to alert her to the exhaustion requirement;"[16] (2) that she cannot satisfy an award because "[s]he is currently faced with unreimbursed disability benefits and is also unemployed;"[17] (3) that "awarding attorneys' fees will not deter other individuals from [similarly] misinterpret[ing] a plan;"[18] (4) that Aetna was "simply seeking to have an agreement honored by pursuing reimbursement of an offset in disability benefits" and that "imposing fees will not benefit other participants or beneficiaries;"[19] and (5) that her "position in this case can hardly be deemed to be so disproportionately meritless as to justify the imposition of an award of attorneys' fees to Aetna."[20]

The Court exercises its discretion not to award attorneys' fees. With respect to the first and fifth *Bowen* factors, plaintiff's opposition to Aetna's motion to dismiss was not completely frivolous, as plaintiff cited authority from the Seventh and Eleventh Circuits that clearly

---

[12] R. Doc. No. 54, at 1.
[13] R. Doc. No. 54, at 3.
[14] R. Doc. No. 54, at 5.
[15] R. Doc. No. 54, at 3.
[16] R. Doc. No. 54, at 5. In its reply, Aetna asserts that "alleged ignorance of the law is not a defense to the request for the attorney fee award," R. Doc. No. 57, at 2, especially because plaintiff was represented by counsel and because Aetna provided plaintiff's counsel with a draft of its motion to dismiss, which was ultimately granted. R. Doc. No. 57, at 1-2.
[17] R. Doc. No. 54, at 5.
[18] R. Doc. No. 54, at 8.
[19] R. Doc. No. 54, at 9.
[20] R. Doc. No. 54, at 9.

supported her position.[21] The fact that plaintiff was represented by counsel and that she received a courtesy copy of Aetna's motion to dismiss before it was filed[22] does not alter such a finding because, as stated, plaintiff's position was supported by *some* legal authority.

Regarding the second *Bowen* factor, the Court disagrees with Aetna that plaintiff, who is unemployed,[23] would be able to satisfy an award of attorneys' fees out of her "steady income"[24] of disability benefits. With respect to the third *Bowen* factor, the Court agrees with plaintiff that an award of fees would have no deterrent effect against future misinterpretations of ERISA plans. Finally, regarding the fourth *Bowen* factor, to the extent that Aetna's actions benefitted all participants in Aetna plans, when balanced against other factors, this factor does not support the imposition of attorneys' fees against plaintiff. Accordingly, the Court exercises its discretion to refuse Aetna's request for attorneys' fees.

With respect to Aetna's request for costs, Rule 54(d)(1) of the Federal Rules of Civil Procedure states, "Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Although § 1132(g)(1) also places an award of costs within the Court's discretion, the Court sees no reason to deviate from Rule 54(d)(1)'s general rule. Aetna filed a bill of costs[25] with the Clerk of this Court, who took such bill under advisement on September 15, 2014, without objection by plaintiff. Accordingly,

---

[21] *See* R. Doc. No. 46, at 14-15 (citing *Watts v. BellSouth Telecomms., Inc.*, 316 F.3d 1203, 1207 (11th Cir. 2003); *Gallegos v. Mount Sinai Med. Ctr.*, 210 F.3d 803, 810 (7th Cir. 2000)).
[22] R. Doc. No. 57, at 1-2.
[23] R. Doc. No. 54, at 5. Aetna has not challenged this assertion.
[24] R. Doc. No. 52-1, at 6.
[25] R. Doc. No. 53.

**IT IS ORDERED** that the motion is **GRANTED IN PART** to the extent that Aetna requests an award of its costs. The Clerk of this Court is directed to review Aetna's bill of costs and to tax such costs in accordance with the law.

**IT IS FURTHER ORDERED** that the motion is **DENIED** in all other respects.

New Orleans, Louisiana, October 14, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**